**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Alexis Veliz Estrada, | No. CV-25-01287-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Maria Del Carmen Veliz Alvarado, | |
| Respondent. | |

Petitioner Christian Alexis Veliz Estrada ("Petitioner") seeks the assistance of the United States Marshals Service to personally serve Respondent Maria Del Carmen Veliz Alvarado ("Respondent") at her residence that is believe to be in Phoenix, Arizona. (Doc. 3 at 1). He has also filed an "Ex Parte Motion for Expedited Hearing and an Order for Daughters to Remain in the State of Arizona" (Doc. 4).

Petitioner alleges in his Complaint that he is a citizen and resident of Guatemala. (Doc. 1 at ¶ 10). He states that he lived in Guatemala with his wife, Respondent, and their two Daughters until June 2, 2023, when Respondent came to the United States. (*Id*. at ¶¶ 25, 32). He further alleges that Respondent and their Daughters are residing in Chandler, Arizona. (*Id*. at ¶¶ 8, 12). Petitioner also states that Respondent contacted him via "WhatsApp" on or around October 18, 2023, to inform him that she removed Daughters from Guatemala and that Respondent demanded money from Petitioner to communicate with Daughters. (*Id*. at ¶¶ 33–34).

Petitioner notes that, since entering the United States less than two years ago,

1  Respondent has repeatedly moved locations and has resided in at least five different states
2  (Connecticut, New York, Ohio, Kentucky, and Arizona). (*Id*. at ¶ 45). Petitioner attempted
3  to file a Hague petition in Connecticut, but Respondent left the state before he was able to
4  do so. (*Id*. at ¶ 46). Recently, in February 2025, the United States Department of State
5  confirmed through its interagency partners that Respondent resides in Arizona. The
6  Department of State provided Petitioner's legal counsel with Respondent's Arizona
7  address in March 2025. (*Id*. at ¶ 51). He states that Respondent currently resides at 1750
8  West Boston Street, Apartment #1060, Chandler, Arizona 85224. (*Id*. at ¶ 52). Petitioner
9  ultimately seeks the immediate return of Daughters to Guatemala, but first, seeks assistance
10 with personal service upon Respondent through the U.S. Marshal's Service. (Doc. 3).

11 Federal Rule of Civil Procedure 4(c)(3) governs Petitioner's service request. This
12 Rule states that "[a]t the plaintiff's request, the court ***may*** order that service be made by a
13 United States marshal or deputy marshal or by a person specially appointed by the court.
14 The court ***must*** so order if the plaintiff is authorized to proceed in forma pauperis under 28
15 U.S.C. § 1915." Fed. R. Civ. P. 4(c)(3) (emphasis added). "The Court's authority to order
16 that service be made by the marshals when a plaintiff is neither *in forma pauperis* nor a
17 seaman is discretionary and should be exercised in favor of appointment when a law
18 enforcement presence appears necessary or advisable to keep the peace." *Keegan v. United*
19 *States*, 2025 WL 904451, at *1 (W.D. Wash. Mar. 25, 2025) (quoting *Volpe v. JP Morgan*
20 *Chase Bank*, 2022 WL 3643754, at *1 (C.D. Cal. June 21, 2022). "The 1982 Advisory
21 Committee Notes for Rule 4 also provide that a plaintiff should 'first . . . seek service by
22 private means whenever feasible rather than impose the burden on the Marshals Service.'"
23 *Id*. (quoting 93 F.R.D. 255, 262). If service by traditional or alternative means proves
24 unfeasible, then the Court may direct a U.S. Marshal to serve the summons and complaint.
25 4A Fed. Prac. & Proc. Civ. § 1090 (4th ed.). The ultimate decision of whether to order
26 service be made by the U.S. Marshal's Service is left to the sound discretion of the trial
27 court. *See Hollywood v. Carrows California Fam. Restaurants*, 2018 WL 7461690, at *1
28 (C.D. Cal. Apr. 26, 2018).

     Petitioner's request for service by a U.S. Marshal will be denied. Petitioner is not a seaman or proceeding IFP and therefore he is not entitled to service by the United States Marshal. Fed. R. Civ. P. 4(c)(3). But Petitioner also does not claim that Respondent is hostile or that service of process on her should involve a law enforcement presence. *Keegan*, 2025 WL 904451, at *1. *See also Oels v. Dunleavy*, 2023 WL 2814530, at *2 (D. Alaska Apr. 6, 2023) (denying motion for service by a marshal where "there is no apparent necessity for a law enforcement presence"); *Wood-Jimenez v. Dep't of Motor Vehicles Nevada*, 2024 WL 1343229, at *2 ("The Court finds that plaintiff has not met her burden of demonstrating that such an order really is necessary because she does not explain why she requires USMS assistance in completing service.") (cleaned up). Nor has Petitioner explained to the Court why service by private means is not feasible here. *Cf*. 4A Fed. Prac. & Proc. Civ. § 1090.

     The Court will, however, partially grant Petitioner's request for an expedited hearing. (Doc. 4). Accordingly,

     **IT IS ORDERED** that Petitioner's Motion for Service by the United States Marshals Service (Doc. 3) is **DENIED**.

     **IT IS FURTHER ORDERED** that Petitioner's "Ex Parte Motion for Expedited Hearing and an Order for Daughters to Remain in the State of Arizona" (Doc. 4) is partially granted, and a hearing is set for **April 24, 2025, at 2:30 p.m.** in Courtroom 605, 401 West Washington Street, Phoenix, AZ 85003 before Judge Diane J Humetewa.

     **IT IS FURTHER ORDERED** that Petitioner must immediately serve a copy of the Summons, Complaint, and this Order upon Respondent and file a notice of service by **April 22, 2025, at 3:00 p.m.** Failure to do so will result in the vacation of the April 24 hearing.

     Dated this 21st day of April, 2025.

                                                   Honorable Diane J. Humetewa
                                                   United States District Judge